No. 98-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 79

294 Mont. 95

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MORRIS DUANE BUCKLES,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Garfield,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Wald, Attorney at Law, Miles City, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, Helena, Montana

Tammy K. Plubell, Ass't Attorney General, Helena, Montana

Nickolas Murnion, Garfield County Attorney, Jordan, Montana

Submitted on Briefs: March 11, 1999

Decided: April 20, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Morris Duane Buckles (Buckles) appeals from his conviction of Negligent Homicide and Criminal Possession With Intent to Sell. Buckles filed a motion to dismiss the charges based on his allegation that the State either intentionally or negligently failed to preserve material evidence. When the District Court denied that motion, Buckles entered into a plea agreement whereby he pled guilty to Negligent Homicide and Criminal Possession With Intent to Sell and reserved his right to appeal the District Court's order denying his motion to dismiss.**

**Issue Presented**

**¶2. Did the District Court properly deny Buckles' motion to dismiss which was based upon his allegations that the State intentionally or negligently failed to preserve material evidence?**

**Factual Background**

**¶3. Although the District Court held a hearing on Buckles' motion to dismiss, the hearing was not evidentiary in nature; it consisted solely of argument by counsel. Accordingly, the facts are taken from the Motion and Affidavit for Leave to File Information and Leave to File and the investigative reports attached to the motion and affidavit.**

¶4. On August 5, 1997 at about 3:10 p.m., a one-vehicle accident occurred on the south side of the Big Dry Bridge on Highway 200 east of Jordan, Montana. The vehicle was owned by Buckles, who was in the car along with Tammy Joy Atkinson. Norman Kerr was the first person to arrive at the accident scene. Buckles' vehicle was upside down and Kerr found Tammy Atkinson unconscious outside the passenger side of the vehicle. A wooden bridge railing had entered the passenger compartment. Kerr gave medical attention to Atkinson, who had suffered a severe laceration to her left arm. According to Kerr, Buckles wandered around the area but offered no assistance to Kerr's life-saving efforts.

¶5. When he arrived at the scene, Deputy Pierson observed that Buckles was wearing only shorts and socks and had mud all over his feet, legs, hands, and arms. Pierson noticed that there was a piece of turquoise luggage outside of the vehicle. The bag was wet and muddy and its contents were on the ground. Pierson saw another bag that was also outside the vehicle. This second bag was not wet or muddy and it did not appear that the contents of the bag had been disturbed.

¶6. Having observed that Buckles was in his stockinged feet, Pierson attempted to locate Buckles' shoes. Pierson found one of his shoes inside the vehicle; it was wedged between the gas pedal and the brake pedal. While taking inventory of the accident scene, Pierson saw fresh footprints along the creek bank. It appeared to him that someone in stockinged feet had made the footprints because there was an impression of fabric in the mud. About 12 inches from the footprints, he saw a spot where someone had dug with their hands in the mud. Probing the mud with his hand, Pierson found a bag that contained a green leafy substance, later identified as marijuana.

¶7. Officer Breidenbach of the Montana Highway Patrol was in charge of the investigation into the cause of the accident. After measuring and photographing the scene of the accident, he went to the Garfield County Health Center. When he learned that Atkinson had died from the wounds she suffered in the accident, he approached Buckles and observed that he was wearing a muddy pair of red shorts, white socks and no shirt. Buckles' socks were wet and muddy. His chest, stomach, hands and knees were also muddy. Officer Breidenbach read Buckles his Miranda rights which Buckles said he understood. Buckles agreed to submit to a blood sample. The sample tested positive for THC, the active ingredient in marijuana.

¶8. When asked by Officer Breidenbach what he remembered about the accident, Buckles admitted that he had driven the vehicle and that he had consumed alcohol from the evening prior to the accident until about 5 a.m. on the morning of the accident. He also indicated that he had smoked two marijuana cigarettes. Officer Breidenbach asked Buckles if there were any other drugs in the vehicle. Buckles responded that the only drugs were Atkinson's prenatal vitamins.

¶9. The following day, Deputy Pierson returned to the scene of the accident, where he found plastic baggies of marijuana in the mud, next to a nearby gate and beside a railroad tie. In total, the deputies retrieved twenty-five separate bags each containing 1/4 ounce of marijuana.

## Standard of Review

¶10. A denial of a motion to dismiss is a legal determination that we review to determine whether the district court correctly interpreted the law. State v. Romero (1996), 279 Mont. 58, 70, 926 P.2d 717, 725.

## Discussion

¶11. Buckles, relying upon Brady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215, 218, contends that the suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. To satisfy the materiality requirement, Buckles must prove "that there is a reasonable probability that had the information been provided, the result would have been different or, stated another way, is it a trial resulting in a 'verdict worthy of confidence'?" Kills On Top v. State (1995), 273 Mont. 32, 42, 901 P.2d 1368, 1374-75, *cert denied*, 516 U.S. 1177 (1996) (citing Kyles v. Whitley (1995), 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490). "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.' " *Kyles*, 514 U.S. at 434, 115 S.Ct. at 1566, 131 L.Ed.2d at 506 (citation omitted).

¶12. Buckles contended in District Court that the charge of negligent homicide should have been dismissed due to the State's having released the vehicle from its impoundment in a secure facility, thereby depriving him of the opportunity to have an expert examine the inside of the vehicle for blood and body tissue. Buckles argued

that had the car been properly secured, it is possible that an expert, if given the opportunity to examine the vehicle, might have rendered an opinion that Buckles was not the driver. Given that Buckles, after having been advised of his Miranda rights, admitted to Officer Breidenbach that he was the driver of the car, we find no merit to this contention. Further, the physical evidence was consistent with Buckles having been the driver: Atkinson was found lying unconscious on the ground on the passenger side of the vehicle and the scene suggested that the severe laceration to her left arm was caused by the wooden bridge rail that entered the passenger side of the vehicle. Also, one of Buckles' shoes was found wedged between the gas pedal and the brake pedal. Buckles has been unable to point to any evidence that was destroyed or compromised by exposing the vehicle to the elements. All evidence seized or photographed by the State was available to Buckles, as was the car itself. We conclude that there is no "reasonable probability" of a different result; that is, that if the vehicle had been maintained in a secure facility, Buckles would have been able to prove that he was not the driver.

¶13. Buckles also contends that the State deliberately suppressed material evidence relevant to the charge of Criminal Possession With Intent to Sell when it released the victim's personal effects to the victim's mother. Buckles' argument is premised upon an assumption that, if he had had access to the victim's belongings before they were released, he (through an expert) might have found traces of illegal drugs that would suggest that the victim, rather than Buckles, possessed the marijuana found at the scene. The District Court rejected this argument, reasoning as follows:

> In regards to the personal property, Defendant claims that he should have been able to go through the belongings of the deceased. He argues that if he could have gone through the belongings he may have found traces of drugs or other evidence relating to drug use by the deceased. However, even if a trace of drugs had been found in the belongings of the deceased, that evidence would not have affected other evidence showing that the drugs found were originally in Defendant's bag. See State v. Gollehan, supra.

¶14. We agree with the District Court. Even assuming *arguendo* that Buckles had found traces of illegal drugs on the victim's belongings, that would not vitiate the other circumstances that point to Buckles' guilt. The bag that the victim's mother identified as the victim's was the bag that was found undisturbed at the accident scene. The other bag, which Buckles denies ownership of, was wet and muddy and its contents had been disturbed. Deputy Pierson found footprints that appeared to have

been made by someone in stockinged feet and led to a bag of marijuana partially buried in the mud by the bed of the creek. Buckles was observed at the accident scene, wet and muddy and in his stockinged feet. Further, rather than rendering assistance to the victim, who was immobile and bleeding from her injuries, Buckles was observed moving busily about the area of the accident scene. Deputy Pierson and Sheriff Phipps ultimately found twenty-five individual bags of marijuana concealed or partially concealed at various locations around the accident scene.

¶15. Clearly, even if there were a trace of illegal drugs found in the victim's belongings, such evidence would not negate the very strong circumstantial facts indicating that the drugs in question were hidden at the scene by Buckles and that they were originally in Buckles' bag. Moreover, in releasing the items of personal property to the victim's mother, the State did not deny Buckles the opportunity to demonstrate which items were his and which belonged to Atkinson. All items taken from the accident scene were documented and all items released to the victim's mother were logged.

¶16. Had he so chosen, Buckles could have proceeded to trial and established ownership of the items through his own testimony and that of the victim's mother.

¶17. We conclude that the District Court properly denied Buckles' motion to dismiss the charges of Negligent Homicide and Criminal Possession With Intent to Sell.

¶18. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER